427 So.2d 304 (1983)
Willie Nathaniel BROWN, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1131.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Rehearing Denied March 23, 1983.
Bennett H. Brummer, Public Defender and Thornton, Rothman, Adelstein & Moreno and John W. Thornton, Jr., Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., and William P. Thomas, Sp. Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The prosecutor's closing argument statement, "Did you hear any testimony that Willie Brown told Lamar Cruse: `Stop Lamar, we don't want to kill him, we just want to scare him'?" was, beyond any dispute, susceptible of being interpreted by the jury as referring to the appellant's failure to testify and, the error having been preserved *305 by timely objection and motion for mistrial, reversal of Brown's conviction for second-degree murder is required. David v. State, 369 So.2d 943 (Fla. 1979); Trafficante v. State, 92 So.2d 811 (Fla. 1957); Cunningham v. State, 404 So.2d 759 (Fla. 3d DCA 1981). Since this case is being remanded for a new trial, we note that the evidence in the record before us supports Brown's theory that, independent of and not in complicity with any actions of a co-defendant, the defendant attempted to shoot the victim but was unsuccessful. If the evidence on retrial is substantially the same, the defendant would, in our view, be entitled to have the jury instructed on the lesser-included offense of attempted second-degree murder.[1]
Reversed and remanded.
NOTES
[1] For the trial court's further guidance, we point out that in the event that the defendant, a "child" at the time of the alleged violation, see § 39.01(7), Fla. Stat. (1981), is convicted upon retrial, an adult sentence may not be imposed except pursuant to the disposition procedures set forth in Section 39.111(6), Florida Statutes (1981).