619 So.2d 272 (1993)
George Michael HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 74671.
Supreme Court of Florida.
April 15, 1993.
Rehearing Denied June 9, 1993.
*273 James Marion Moorman, Public Defender and Douglas S. Connor, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT
PER CURIAM.
The United States Supreme Court vacated Hodges v. State, 595 So.2d 929 (Fla. 1992), for further consideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Hodges v. Florida, ___ U.S. ___, 113 S.Ct. 33, 121 L.Ed.2d 6 (1992). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and reaffirm our earlier decision in this case.
The Court found the former standard instruction on the heinous, atrocious, or cruel aggravator insufficient in Espinosa. That aggravator played no part in Hodges' sentencing; the cold, calculated, and premeditated aggravator, however, did. Hodges argued to the trial court that the facts of his case did not support finding that latter aggravator and that the aggravator itself was unconstitutionally vague.[*] The trial court gave the standard instruction on the cold, calculated, and premeditated aggravator, but Hodges did not object to the form of that instruction, nor did he request an expanded instruction on this aggravator.
The contemporaneous objection rule applies to Espinosa error, i.e., a specific objection on the form of the instruction must be made to the trial court to preserve the issue for appeal. E.g., Thompson v. State, 619 So.2d 261 (Fla. 1993); Burns v. State, 609 So.2d 600 (Fla. 1992); Melendez v. State, 612 So.2d 1366 (Fla. 1992); see Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992). Despite the failure to object at trial, Hodges challenged the constitutionality of the cold, calculated instruction on appeal. We summarily found the issue meritless, but we should have held it procedurally barred because Hodges did not preserve it for review by objecting at trial. Therefore, we now hold that the sufficiency of the cold, calculated instruction has not been preserved for review.
Even if this issue were cognizable, we would not agree with Hodges that he should be resentenced. There is ample support in the record for finding the cold, calculated, and premeditated aggravator. Any error in the instruction, if any existed, therefore, was harmless and would not have affected the jury's recommendation or the judge's sentence. Thompson. Thus, we reaffirm our decision as to Hodges' conviction of first-degree murder and sentence of death.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] We have uniformly rejected this claim on the merits. E.g., Fotopoulos v. State, 608 So.2d 784 (Fla. 1992); Klokoc v. State, 589 So.2d 219 (Fla. 1991). We have never addressed the issue of whether the standard jury instruction itself was vague and do not in this opinion because of our disposition of this case.