PER CURIAM.
Appellant, Willie Brown, when he was sixteen years old, was charged with, tried and convicted as an adult for second degree murder and unlawful possession of a firearm while engaged in a criminal offense. This court reversed his conviction in Brown v. State, 427 So.2d 304 (Fla. 3d DCA), review denied, 438 So.2d 834 (Fla.1983).
Subsequently, appellant pleaded to a lesser offense of manslaughter with a firearm. This plea occurred eleven years ago and the trial court adjudicated appellant guilty of manslaughter and sentenced him to thirty years in prison. Appellant never challenged his sentence by filing a Rule 3.850 motion for postconviction relief.
In 1993, appellant sought a writ of habeas corpus in the trial court alleging that the trial court failed to enter written findings of fact before imposing adult sanctions against appellant, who was a minor, pursuant to section 39.111(6), Florida Statutes (1983). The trial court denied relief and the appellant timely filed a notice of appeal.
It is well settled that “[h]abeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on appeal or in other postconviction motions.” Mills v. Dugger, 559 So.2d 578, 579 (Fla.1990) (citing Suarez v. Dugger, 527 So.2d 190 (Fla.1988); White v. Dugger, 511 So.2d 554 (Fla.1987); Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987)).
Appellant could have timely challenged his sentence on this ground as fundamental error by filing a motion for postconviction relief on the authority of Dixon v. State, 451 So.2d 485 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla.1984) and State v. Rhoden, 448 So.2d 1013 (Fla.1984). His failure to do so renders his claim proeedurally barred.
*1176 Accordingly, the order denying appellant’s petition for writ of habeas corpus is affirmed.