655 So.2d 67 (1995)
Milford Wade BYRD, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 83163.
Supreme Court of Florida.
January 26, 1995.
Rehearing Denied June 1, 1995.
Michael J. Minerva, Capital Collateral Representative, and Martin J. McClain, Chief Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Fariba N. Komeily, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
Milford Wade Byrd, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(9), Florida Constitution, and find that Byrd is not entitled to relief.
Byrd was arrested for first-degree murder on the basis that he hired someone to kill his wife; after he was arrested, he confessed to having done so. He was convicted as charged and sentenced to death. The facts of the murder are set forth in more detail in Byrd v. State, 481 So.2d 468 (Fla. 1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986), in which this Court affirmed Byrd's conviction and sentence. After this Court affirmed Byrd's conviction and sentence, he filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, which, after an evidentiary hearing, was *68 rejected by the trial court. This Court affirmed the trial court's ruling on the rule 3.850 motion in Byrd v. State, 597 So.2d 252 (Fla. 1992). Byrd now files this petition for a writ of habeas corpus claiming that: (1) law enforcement officers violated Byrd's right to remain silent; (2) his appellate counsel was ineffective for failing to raise a number of issues on appeal; (3) in light of new evidence, his conviction has been undermined and his sentence is disproportionate; and (4) his rights were violated due to his counsel's lack of adequate time and funds. Issues (1), (3), and (4) are procedurally barred because they were not raised at the appropriate time; issue (1) should have been raised on direct appeal; issue (3) should have been raised in a rule 3.850 motion; and issue (4) should have been raised in Byrd's appeal of his rule 3.850 motion. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987) ("[H]abeas corpus is not a vehicle for obtaining a second appeal of issues which were raised, or should have been raised, on direct appeal or which were waived at trial."). Byrd, however, contends that this Court should reconsider issue (1) in light of the Eleventh Circuit Court of Appeals' decision in Jacobs v. Singletary, 952 F.2d 1282 (11th Cir.1992).
In Jacobs, the Eleventh Circuit determined that the defendant implicitly invoked her right to silence by remaining silent for the first two hours of interrogation even though she wrote the words "I understand" on a Miranda[1] rights form. The defendant had refused to sign the rights form on at least two earlier occasions and had refused to provide police with any information, including her name. Thus, the court found that statements she made subsequent to implicitly invoking her right to silence were inadmissible. Byrd contends that, like the defendant in Jacobs, he, too, implicitly invoked his right to silence by remaining quiet for several hours before he confessed. Consequently, he contends that his confession was inadmissible at trial. We find that Byrd is not entitled to relief under this claim. Byrd knowingly, voluntarily, and intelligently signed a waiver form consenting to be interviewed. The defendant in Jacobs, on the other hand, refused to sign the waiver form on at least two occasions and simply wrote "I understand" on the form when it was presented to her for a third time. Additionally, unlike the defendant in Jacobs, Byrd did not refuse to talk to his interrogators; for example, he asked to hear a tape of a witness's statement, he told police he did not hurt anyone, and he told police that he would tell them the truth if they allowed him to talk to his girlfriend. Just because a defendant remains silent after knowingly, voluntarily, and intelligently waiving the right to do so does not necessarily mean that the defendant is implicitly invoking the right to remain silent. Any allegation that a defendant has equivocally or ambiguously indicated that the defendant wishes to invoke the right to silence is a factbased claim that must be evaluated on a case-by-case basis. Under the circumstances of this case, we find that Byrd did not, by implication, invoke his right to remain silent. Because we find this claim to be without merit, any allegation that Byrd's appellate counsel was ineffective in failing to raise this claim is equally without merit.
Under issue (2), Byrd argues that his appellate counsel was ineffective for failing to raise the following issues: (a) certain aggravating circumstances and Florida's death penalty are constitutionally invalid; (b) the sentencing court failed to timely impose a written sentence of death; (c) newly discovered evidence undermines a key government witness; (d) the exclusion of critical evidence rendered his sentence of death fundamentally unreliable; (e) he was improperly denied his right to cross-examine key state witnesses; (f) the burden of proof was improperly shifted at the sentencing proceeding; (g) the prosecutor improperly vouched for the credibility of the State's witnesses and case; (h) he was convicted and sentenced on the basis of unconstitutionally obtained statements; (i) the trial judge failed to assure Byrd's presence during critical stages of the proceeding; (j) the jury's sense of responsibility was diluted by the instructions and arguments; and (k) the written jury instructions erroneously varied from the oral jury instructions. In evaluating a claim of ineffective *69 assistance of appellate counsel, we must determine whether (1) the assistance of counsel was so erroneous or deficient that it fell measurably outside the range of professionally acceptable performance, and (2) the error or deficiency in the appellate process was so egregious that it undermined confidence in the correctness of the result. Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla. 1988); Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). The substance of issues (d), (e), (f), (g), and (i), were raised in Byrd's rule 3.850 motion and were rejected because his trial counsel either failed to preserve the issues for review or because the issues were otherwise without merit. Likewise, trial counsel failed to properly preserve issues (a), (b), (c), (j), and (k) for review. See, e.g., Jackson v. State, 648 So.2d 85 (Fla. 1994) (although the jury instruction on cold, calculated, and premeditated was unconstitutionally vague, the issue is viable only for those defendants who properly preserve it at trial through a specific objection); Hodges v. State, 619 So.2d 272 (Fla.) (unconstitutionality of jury instruction was procedurally barred on appeal where no objection was raised at trial), cert. denied, ___ U.S. ___, 114 S.Ct. 560, 126 L.Ed.2d 460 (1993); James v. State, 615 So.2d 668 (Fla. 1993) (objection required to preserve shifting of burden issue for appeal). Consequently, appellate counsel cannot be deemed deficient for failing to raise these issues on appeal. Medina v. Dugger, 586 So.2d 317 (Fla. 1991) (appellate counsel will not be considered ineffective for failing to raise issues that were not preserved for appeal). Moreover, even if these claims were not procedurally barred, we would still find that appellate counsel was not ineffective in failing to raise them on appeal because we find each of the claims to be without merit. For example, the record fully supports the aggravating circumstances found by the trial judge, and the requirement of contemporaneous written and oral sentencing pronouncements in death cases was not rendered until well after Byrd was sentenced.
As to claim (h), Byrd contends that his counsel was ineffective for failing to assert that he was convicted and sentenced on the basis of unconstitutionally obtained statements. Notably, the admissibility of his confessions was debated extensively before both this Court and the trial court. This present claim regarding Byrd's confession deals with the admissibility of statements made by Byrd on October 30, 1981, two days after he gave his initial confession. We need not reach the issue of whether anything Byrd said on October 30 was unconstitutionally obtained because nothing said by Byrd on that date contributed to his conviction  on that date he simply denied any involvement in the crime at issue. Clearly, counsel was not ineffective for failing to raise this meritless claim.
Accordingly, the petition for a writ of habeas corpus is denied.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).