PER CURIAM.
Appellant, Merle Sturdivan (the “defendant”), seeks reinstatement of his dismissed habeas corpus petition. We affirm the trial court’s dismissal.
The defendant argues that his conviction and sentence should be overturned because of an undue delay of over eight years between the lodging of a detainer against him and his first trial. Because these issues were previously raised and rejected in the defendant’s initial appeal of his conviction and sentence, Sturdivan v. State, 419 So.2d 300, 303 (Fla.1982) (vacating first degree murder conviction and remanding for a new trial because of failure to instruct on lesser included offenses, but holding defendant’s claims concerning unconstitutional delay invalid on retrial), we affirm. See Florida Real Estate Comm’n v. Harris, 134 So.2d 785 (Fla.1961), cert. denied, 371 U.S. 7, 83 S.Ct. 19, 9 L.Ed.2d 47, reh’g denied, 371 U.S. 906, 83 S.Ct. 203, 9 L.Ed.2d 167 (1962).
Habeas corpus petitions cannot be used as a method of obtaining a second appeal of a previously affirmed judgement. Byrd v. Singletary, 655 So.2d 67, 68 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 1270, 134 L.Ed.2d 217 (1996); Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987); Brown v. State, 633 So.2d 1175, 1175 (Fla. 3d DCA 1994). The defendant asserts no new issues which could not have been or were not raised on his initial appeal.
Affirmed.