Dear Mr. Hutto:
Your request for an Attorney General`s opinion has been forwarded to me for research and reply. According to your request, the Winn Parish Police Jury has on numerous occasions requested that the Winnfield City Marshal, who is an elected official, appear before them to explain and answer questions concerning his budget. Despite these numerous requests, the city marshal has refused to appear and answer questions. You ask whether the marshal is mandated by law to appear and explain and answer questions concerning his budget when requested to do so by the police jury.
LSA-R.S. 33:423 defines the duties of the marshal as follows:
 The marshal shall be the chief of police and shall be ex officio constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and the board of alderman for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
The aforementioned statute does not require the city marshal to appear before the police jury to explain and/or answer questions concerning his budget. In fact, both jurisprudence and this office have consistently concluded that the city marshal has, pursuant to LSA-R.S. 33:423, the inherent power and authority to supervise and control his office, equipment and personnel on a day-to-day basis. Atty. Gen. Op. No. 05-0096. The court in Doyle v. City of Harahan, (La.App. 5th Cir. 1992)619 So. 2d 272, 272 (1992), stated that, "once the mayor and alderman have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the chief of police."
The city marshal`s power and authority to supervise and control his office is not absolute. He is limited by LSA-R.S. 33:462, which requires all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance. His authority is also subject to the municipality`s regulations for the use of purchase orders. See LSA-R.S. 33:425 and Atty. Gen. Op. No. 93- 74. However, assuming the city marshal makes his expenditures pursuant to, and in conformity with, specific appropriations approved by the governing authority, the city marshal has operational control over the expenditures of his department and does not need further approval from the mayor, board of alderman or police jury before he makes purchases for the police department. Atty. Gen. Op. Nos. 05-0096, 95-135.
Accordingly, it continues to be the opinion of this office that the city marshal has operational control over the expenditures of his department once the Mayor and governing authority for the City of Winnfield approves the budget. He is not mandated by law to appear before and/or report to the Winn Parish Police Jury about his budget.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
 Respectfully submitted,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 CCF, Jr.,/WPB, III