# Supreme Court of Florida

————————

No. SC17-1586
————————

**GEORGE MICHAEL HODGES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[February 2, 2018]

PER CURIAM.

We have for review George Michael Hodges's appeal of the circuit court's order denying Hodges's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Hodges's motion sought relief pursuant to the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017). This Court stayed Hodges's appeal pending the disposition of Hitchcock v. State, 226 So. 3d 216 (Fla. 2017), cert. denied, 138 S. Ct. 513 (2017).

After this Court decided Hitchcock, Hodges responded to this Court's order to show cause arguing why Hitchcock should not be dispositive in this case.

After reviewing Hodges's response to the order to show cause, as well as the State's arguments in reply, we conclude that Hodges is not entitled to relief. Hodges was sentenced to death following a jury's recommendation for death by a vote of ten to two. See Hodges v. State, 619 So. 2d 272 (Fla. 1993); Hodges v. State, 595 So. 2d 929, 931 (Fla. 1992).[1] Hodges's sentence of death became final in 1993. Hodges v. Florida, 510 U.S. 996 (1993). Thus, Hurst does not apply retroactively to Hodges's sentence of death. See Hitchcock, 226 So. 3d at 217. Accordingly, we affirm the denial of Hodges's motion.

The Court having carefully considered all arguments raised by Hodges, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.

PARIENTE, J., concurring in result.

---

[1]. While the jury's vote recommending a sentence of death is not reflected in this Court's opinion on direct appeal, this Court stated in its opinion affirming the circuit court's denial of Hodges's postconviction motion and denying Hodges's petition for a writ of habeas corpus that the jury recommended a sentence of death by a vote of ten to two. Hodges v. State, 885 So. 2d 338, 357 (Fla. 2004).

I concur in result because I recognize that this Court's opinion in <u>Hitchcock v. State</u>, 226 So. 3d 216 (Fla. 2017), <u>cert. denied</u>, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in <u>Hitchcock</u>.

An Appeal from the Circuit Court in and for Hillsborough County,
 Michelle Sisco, Judge - Case No. 291989CF002165000AHC

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

 for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and C. Suzanne Bechard, Assistant Attorney General, Tampa, Florida,

 for Appellee