676 So.2d 508 (1996)
Leonard BOMWELL, Appellant,
v.
Margaret BOMWELL, Appellee.
No. 95-0371.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
*509 Alan S. Fishman and Kenneth H. Tribuch of Fishman & Goldstone, Pompano Beach, for appellant.
Lisa Armater Morrison of Cary & Cary, Fort Lauderdale, for appellee.
PER CURIAM.
This case arises from the dissolution of the parties' twenty-one year marriage. The husband challenges the amount of alimony awarded, the entitlement to attorney's fees, and several aspects of the scheme of equitable distribution. We reverse in part, as set forth below.
As to the award of permanent periodic alimony, we reverse. The trial court erred by failing to make findings as to the factors enumerated in section 61.08(2), Florida Statutes (1993), precluding meaningful appellate review of the alimony award. See § 61.08(1), Fla. Stat. (1993); cf. Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993), rev. dismissed, 641 So.2d 408 (Fla. 1994). Furthermore, even without reference to the factors in section 61.08(2), the trial court appears to have abused its discretion in determining the amount of alimony. A comparison of the trial court's finding as to the wife's earning ability and the evidence presented as to the husband's net income suggests that the wife received more than the husband had the ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). On remand the trial court should consider all of the statutory factors and make findings of fact in support of any award of alimony.
In connection with the distribution of assets, the husband also argues that the trial court erred in failing to identify and value various items of personal property taken by the wife prior to the final hearing on *510 dissolution. However, no one presented any evidence of the value of the challenged items. While the trial court should have determined whether these were marital nor non-marital, section 61.075(3)(b), Florida Statutes (1993), only requires the valuation of "significant assets." When the parties fail to present evidence as to the value of an asset, the trial court may presume that the asset is not of significant value, and there is no error in failing to include it in the equitable distribution scheme. Therefore, any error in failing to identify the assets here is harmless.
The trial court erred, however, in finding that the wife had special equity in the marital home where the wife presented no evidence to rebut the presumption that she had intended the funds to be a gift. See § 61.075(5)(a)5, Fla. Stat. (1993); Ray v. Ray, 624 So.2d 1146 (Fla. 1st DCA 1993). In addition, the trial court erred in valuing the husband's pension without providing a reason for its use of a valuation date other than the date of the filing of the petition for dissolution. See § 61.075(6), Fla. Stat. (1993); Dyson v. Dyson, 597 So.2d 320, 323 (Fla. 1st DCA 1992).
Because of our reversal of other parts of the final judgment, we also reverse the determination that the wife was entitled to a contribution for attorney's fees for reconsideration after the court revisits its final judgment.
We affirm the remaining points on appeal.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
GLICKSTEIN, WARNER and POLEN, JJ., concur.