721 So.2d 388 (1998)
Christopher NELSON, Appellant,
v.
Gloria NELSON, Appellee.
No. 97-3947.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Jeffrey Begens, Plantation, for appellant.
C. Lina Kell, Pompano Beach, for appellee.
BRYAN, Ben L., Associate Judge.
This appeal results from a dissolution of marriage granted November 7, 1997. We affirm the amended final judgment of dissolution in all respects. We write to address three of the former husband's points on appeal which concern the award of permanent alimony, the invalidation of the parties' antenuptial agreement, and the valuation of certain marital assets.
The parties were married twelve and one-half years. This marriage falls within the "gray area" between short-term and long-term marriages, where there is no presumption in favor of or against an award of permanent alimony. Burrill v. Burrill, 701 So.2d 354 (Fla. 1st DCA 1997). In these *389 marriages, a disparate earning capacity becomes a "significant factor" in deciding whether permanent or temporary support is appropriate. Zeigler v. Zeigler, 635 So.2d 50, 54 (Fla. 1st DCA 1994). Here, the trial court found the former husband earns over $72,000 annually, and imputed an annual income of $12,000 to the former wife. The trial court examined each of the economic factors contained in section 61.08(2), Florida Statutes (1995). Based on its findings, the court determined the wife was in need of permanent periodic alimony and the husband possessed the ability to pay. We conclude the trial court did not abuse its discretion in awarding permanent periodic alimony in this case.
The second point we address is the trial court's invalidation of the antenuptial agreement. The antenuptial agreement was dictated by the husband and written by the wife on the day before the parties' wedding when the wife was one month pregnant. The former husband argues the trial court erred, as a matter of law, in invalidating the agreement, because the court made no express findings regarding its legal basis for invalidating the agreement. See Casto v. Casto, 508 So.2d 330 (Fla.1987). Our review of the record reveals the evidence on this issue was largely undisputed. Thus, we conclude the trial court's failure to set forth specific findings was harmless.
Finally, the husband alleges error in the trial court's valuation of certain assets, contending the record lacks competent substantial evidence to support the court's valuation. We take this opportunity to reiterate that section 61.075(3)(b), Florida Statutes (1995) requires the valuation of only "significant assets," as we noted in Bomwell v. Bomwell, 676 So.2d 508, 510 (Fla. 4th DCA 1996). "When the parties fail to present evidence as to the value of an asset, the trial court may presume that the asset is not of significant value, and there is no error in failing to include it in the equitable distribution scheme." Id. The assets about which the former husband complains are either of little value, or the difference between the value assigned by the court and the evidence of the asset's value admitted at trial is not sufficient to warrant reversal of the entire equitable distribution scheme.
AFFIRMED.
WARNER and SHAHOOD, JJ., concur.