740 So.2d 1230 (1999)
BALDWIN PIANO AND ORGAN COMPANY, Appellant,
v.
Anthony and Patricia DOTE, Appellees.
No. 98-3689.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for appellant.
Gary S. Israel of Gary S. Israel, P.A., West Palm Beach, for appellees.
KLEIN, J.
After appellant obtained a final judgment in a foreclosure action, the appellees filed an action to quiet title, asserting their interest was higher in priority than appellant's, and persuaded the court in the foreclosure action to enjoin the sale. The parties extensively litigated the priority and appellant prevailed, resulting in the injunction being vacated. Appellants then sought damages in the form of attorney's fees as a result of the wrongful issuance of the temporary injunction.
The trial court found, after an evidentiary hearing, that counsel for appellant only expended three hours of time in litigating the wrongfully issued temporary injunction, and appellant appeals, arguing that the priority claims in the quiet title action were inseparably intertwined and that the attorney's fee award is inadequate. One of the arguments appellant advances is that appellant's expert testified that appellant was entitled to a substantially higher fee and that the appellees did not present an expert to contradict the opinion of appellant's expert.
*1231 We reject appellant's argument for two reasons. First, the trial court could have concluded, based on appellees' cross-examination of appellant's expert, that the expert's testimony included time spent litigating the priority. Second, the trial court was not bound by the testimony of the expert as to the amount of a reasonable attorney's fee, even though there was no opposing expert. Baruch v. Giblin, 122 Fla. 59, 164 So. 831 (1935) and Ruwitch v. First Nat'l Bank of Miami, 327 So.2d 833 (Fla. 3d DCA 1976). We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
TAYLOR, J., and BLANC, PETER D., Associate Judge, concur.