817 So.2d 877 (2002)
Edward P. OBRENSKI, Appellant,
v.
Kayette J. OBRENSKI, Appellee.
No. 2D01-2390.
District Court of Appeal of Florida, Second District.
April 26, 2002.
Rehearing Denied June 10, 2002.
*878 Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, for Appellant.
Cynthia Byrne Hall of Silverio & Hall, P.A., Naples, for Appellee.
WHATLEY, Judge.
The husband, Edward P. Obrenski, appeals the final judgment of dissolution of marriage. Appellate counsel for Kayette J. Obrenski, the wife, has candidly conceded the majority of issues raised by the husband in this matter. We affirm the trial court's decision only on the issues of dissolution of marriage, child custody, and child visitation. On all other issues, we are compelled to reverse and remand for a new trial. These issues include equitable distribution, permanent alimony, child support, life insurance as security for alimony and/or child support, health and dental insurance coverage for the benefit of the parties' minor children, the purchase of an automobile by the husband for the wife, and attorney's fees.
Here, as in Fisher v. Fisher, 722 So.2d 243 (Fla. 2d DCA 1998), the trial court failed to make any findings to explain or support its rulings. See McDaniel v. McDaniel, 653 So.2d 1076 (Fla. 5th DCA 1995). For example, the final judgment of dissolution of marriage fails to contain valuations of assets or liabilities; it fails to indicate which assets are marital and which are nonmarital; and it fails to list the respective incomes of the parties. Without appropriate findings in the final judgment, there is no meaningful basis for appellate review. Both parties have lamented the daunting prospect of having to retry virtually all of the issues in this case. Anxiety and expense are but two of the byproducts of such a retrial.
One final matter that merits comment in this cause is the bifurcated way in which the case was tried. The first segment of testimony took place on the afternoon of July 25, 2000, and the next segment took place the following morning. Eight months then elapsed before the final segment occurred on March 20, 2001. We cannot ascertain from this record the reason why the case was not finalized in July 2000. However, barring extraordinary circumstances, an eight-month delay between beginning a dissolution trial and concluding that trial is unacceptable. Florida Rule of Judicial Administration 2.085 states in pertinent part:
(a) Judges and lawyers have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. ...

*879 (b) The trial judge shall take charge of all cases at an early stage in the litigation and shall control the progress of the case thereafter until the case is determined. The trial judge shall take specific steps to monitor and control the pace of the litigation. ...
This rule is more than mere verbiage; it sets forth a nondelegable duty directed particularly at judges to control and conclude litigation in a reasonable and timely fashion.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
BLUE, C.J., and ALTENBERND, J., concur.