818 So.2d 711 (2002)
Paulette C. WALKER, Appellant,
v.
Jeffrey S. WALKER, Appellee.
No. 2D00-4087.
District Court of Appeal of Florida, Second District.
June 21, 2002.
*712 Catherine Hanford of Law Offices of Catherine Hanford, P.A., Clearwater, and Cynthia L. Greene of Law Offices of Cynthia L. Greene & Associates, P.A., Miami, for Appellant.
Victoria M. Ho and Rebecca Y. Zung of Asbell, Coleman, Ho & Hazzard, P.A., Naples, for Appellee.
SILBERMAN, Judge.
Paulette Walker, the former wife, appeals the final judgment of dissolution of marriage and argues that the trial court erred by awarding to her rehabilitative alimony instead of permanent alimony. Because the final judgment does not include necessary findings to support the award, we reverse.
The Walkers were married in June 1985. Their children were born in 1987, 1989, and 1991. A petition for dissolution of marriage was filed in June 1997, and the final judgment of dissolution was entered in August 2000.
Jeffrey Walker, the former husband, earned a substantial income as a physician. The former wife stayed home to care for the children and did not work outside of the home during the marriage. The parties accumulated significant marital assets, including homes in Florida and Colorado, and they enjoyed a lifestyle commensurate with the income earned by the former husband.
The parties resolved certain issues, including equitable distribution, during the course of the proceedings. Alimony and child support were left for the trial court to resolve. The issues raised in this appeal concern the trial court's award of rehabilitative alimony to the former wife.
Although the former wife initially sought temporary, rehabilitative, lump sum, and permanent periodic alimony, in her pretrial statement she requested over $28,000 per month as "permanent and lump sum" alimony. At trial, her attorney suggested that $20,000 per month would be an appropriate award. The former husband presented evidence that $5,200 per month would meet the former wife's needs. In closing argument, his attorney suggested that the trial court should award $4,500 per month in rehabilitative alimony, which should be reduced by $1,500 per month as each child reached the age of majority.
The trial court awarded rehabilitative alimony to the former wife in the amount of $6,000 per month, to be reduced by $2,000 per month as each child reached the age of majority. Rehabilitative alimony would end when the last child reached eighteen years of age. The trial court did not award lump sum or permanent periodic alimony.
*713 The record reflects a very substantial earnings disparity between the former wife and the former husband. The trial court found that after training and reacquiring her professional license, the former wife could earn approximately $32,000 annually as a manager of a phlebotomy department. The former husband's annual income at the time of trial exceeded $600,000. Thus, even with training and reentry into the work force, the former wife will earn an income that is a fraction of the former husband's income.
From its inception to the time of the filing of the petition for dissolution, the marriage lasted twelve years. Its duration falls within the gray area between short-term and long-term marriages, and there is no presumption in favor of or against an award of permanent alimony. Nelson v. Nelson, 721 So.2d 388, 388 (Fla. 4th DCA 1998); Reynolds v. Reynolds, 668 So.2d 245, 248 (Fla. 1st DCA 1996). A significant factor in determining whether permanent or temporary support is appropriate is a disparate earning capacity between the spouses. Nelson, 721 So.2d at 388-89. While the trial court has the discretion to determine whether permanent periodic alimony is appropriate under the circumstances of each case, Fulks v. Fulks, 558 So.2d 205, 206 (Fla. 2d DCA 1990), rehabilitative alimony is not a substitute for permanent periodic alimony. Campbell v. Campbell, 685 So.2d 61, 62 (Fla. 1st DCA 1996). Moreover, again depending upon the circumstances of the case, permanent periodic alimony may be appropriate when one spouse has given up a career to stay at home for a significant period of time to raise the parties' children. See Knoff v. Knoff, 751 So.2d 167, 169 (Fla. 2d DCA 2000); Cardillo v. Cardillo, 707 So.2d 350, 351 (Fla. 2d DCA 1998).
While there was conflicting evidence presented to the trial court regarding the type and the amount of alimony that the former wife needed to maintain her lifestyle and to rehabilitate herself, the trial court awarded only rehabilitative alimony. The trial court made a finding that the former wife required six months and $500 to reacquire her professional license and to become re-employed in her field. There was evidence supporting this conclusion, but the trial court made no findings in support of the actual amount awarded and the periodic reductions as each child reached the age of majority. Also, there were no findings that demonstrate whether the trial court considered the former wife's ability to support herself during and after the rehabilitative period in a manner reasonably commensurate with the marital lifestyle. See Ghen v. Ghen, 575 So.2d 1342, 1344 (Fla. 4th DCA 1991); O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982). Because the final judgment does not include adequate factual findings, it must be reversed. See Cardillo, 707 So.2d at 351. Without such findings, there is no meaningful basis for appellate review of the award. See Obrenski v. Obrenski, 817 So.2d 877 (Fla. 2d DCA 2002); Zelahi v. Zelahi, 646 So.2d 278, 279 (Fla. 2d DCA 1994).
Additionally, automatic changes in alimony payments based upon the occurrence of future events are generally disfavored. Kangas v. Kangas, 420 So.2d 115, 116 (Fla. 2d DCA 1982). Prospective modifications may be appropriate when they are "carefully conditioned upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party." Id. In the present case, the omission of specific findings in support of the automatic, periodic reductions in alimony is particularly significant as the evidence did not establish that the former wife's needs would be reduced by one-third as each *714 child reaches the age of eighteen. See Weiser v. Weiser, 782 So.2d 986, 987-88 (Fla. 4th DCA 2001).
The final judgment also does not include the required findings of fact as to the economic factors listed in section 61.08(2), Florida Statutes (1997). While it appears that the trial court considered certain factors, the judgment contains no findings as to the financial resources of the former husband, all sources of income available to both parties, the distribution of non-marital and marital assets and liabilities to the parties, and the contribution of each party to the marriage. See Obrenski, 817 So.2d 877. In a letter to counsel for the parties, the trial court indicated that it had taken into account the factors of section 61.08, but such a statement is insufficient to meet the statutory requirements. See Parenteau v. Parenteau, 795 So.2d 1124, 1125-26 (Fla. 5th DCA 2001).
The former wife also argues that there was evidence presented in the trial court concerning the impact and consequence of taxes as to a possible alimony award, but there were no findings relating to tax consequences. We are unable to determine from the record or the final judgment whether the trial court took that evidence into account, and on remand, the issue must be considered. See Blythe v. Blythe, 592 So.2d 353, 355-56 (Fla. 4th DCA 1992).
Accordingly, the final judgment of dissolution of marriage is reversed as to the denial of permanent alimony and the award of rehabilitative alimony, but it is affirmed in all other respects. On remand, the trial court shall reconsider the type and the amount of alimony to which the former wife is entitled. We do not suggest that the trial court make a particular award, but it shall determine whether permanent or rehabilitative alimony is appropriate, and whether payment is to be periodic or by lump sum or both. See § 61.08, Fla. Stat. (1997). The trial court shall make such findings as are supported by the evidence and allow for meaningful review of the award.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and FULMER, JJ., concur.