851 So.2d 190 (2003)
Carol M. ROSENBLOOM, Appellant,
v.
Michael ROSENBLOOM, Appellee.
Nos. 4D02-1918, 4D02-2399.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
Rehearing Denied August 19, 2003.
James Fox Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellant.
*191 August La Rocco and Tracy B. Newmark of Fixel & La Rocco, Hollywood, for appellee.
STONE, J.
This is an appeal of a final judgment of dissolution in which multiple issues are raised. Having reviewed the record, we reverse only as to the issue of equitable distribution; in all other respects, we affirm. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
As to the equitable distribution, the record does not support the trial court's decision that the former wife must reimburse the former husband $423,777 for a portion of the parties' stock market losses that were incurred in her management of the parties' marital assets. We recognize that there is evidence that the former wife failed to advise the former husband of the extent of the stock losses being incurred during 2000-2002 and that there was a substantial increase in her trading activity as the market fell. The ultimate percentage of the loss that was charged to the former wife as waste is based on testimony and extrapolations by the former husband's accountant arriving at "excess" losses that exceeded an average decline in the major stock indexes during the same period. However, drawing an inference of intentional dissipation and waste of marital assets from the confluence of events appearing on this record is essentially speculative and is based on assumptions that are not sufficiently supported by the record.
It is obvious that the former wife's investment practices and her conduct was troubling to the court; however, given the history of the parties' mutual treatment of their financial and investment affairs, in which the former husband left all such matters in the former wife's hands, there is an insufficient basis for an unequal distribution of assets. The former husband, who would have shared in any profits, must share equally in the losses, notwithstanding that the former wife's investment conduct may well have been imprudent. See § 61.075(1)(i), Fla. Stat. (2001); Gentile v. Gentile, 565 So.2d 820, 823 (Fla. 4th DCA 1990)(holding that husband's imprudent investments which lost their value in 1987 stock market crash not adequate justification for inequitable distribution of marital assets). We also conclude that the amount arrived at is speculative.
Further, although we affirm the court's denial of leave for the former wife to relocate to another state with the parties' eight year old child, the expert testimony, relied upon by the court, indicates that the issue should be reviewed again after the parties have completed counseling.
Therefore, we reverse and remand for modification of the final judgment as to the equitable distribution. In all other respects, we affirm, without prejudice to the former wife again seeking leave to relocate following counseling.
GUNTHER and FARMER, JJ., concur.