873 So.2d 565 (2004)
Paulette C. WALKER, Appellant,
v.
Jeffrey S. WALKER, Appellee.
No. 2D02-5691.
District Court of Appeal of Florida, Second District.
May 26, 2004.
Cynthia L. Green of Greene, Smith & Associates, P.A., Miami, and Catherine Hanford, Clearwater, for Appellant.
Nicole L. Goetz and Victoria M. Ho of Asbell & Ho, P.A., Naples, for Appellee.
WHATLEY, Judge.
The Wife, Paulette C. Walker, appeals an amended final judgment dissolving her marriage with the Husband, Jeffrey S. Walker. We are compelled to reverse this cause a second time for the trial court to make findings of fact in support of its alimony award.
The parties were married approximately twelve years and have three minor children. The original final judgment of dissolution of marriage was entered on August 31, 2000. The final judgment awarded the Wife rehabilitative alimony in the amount of $6000 per month, which sum decreased by $2000 per month as each child attained the age of majority. The Wife appealed the final judgment, arguing that the trial court erred in awarding her rehabilitative alimony in lieu of permanent alimony.
In Walker v. Walker, 818 So.2d 711 (Fla. 2d DCA 2002), this court reversed the final judgment because it did not include necessary findings to support the alimony award. All other aspects of the original final judgment were affirmed. This court noted that this marriage falls within the gray area between short-term and long-term marriages. As such, "there is no presumption in favor of or against an award of permanent alimony." Id. at 713. This court remanded the case for the trial court to "make such findings as are supported by the evidence and allow for meaningful review of the award." Id. at 714.
On remand, the trial court requested that both parties submit proposed factual findings. The Wife's counsel submitted proposed factual findings as directed, but *566 the Husband's counsel submitted a proposed amended final judgment.[1] Without a single change, the trial court signed the Husband's proposed amended final judgment of dissolution of marriage.[2] The amended final judgment, in spite of the directions from this court in its prior opinion, was entered with no additional argument from counsel and no indication that the trial court reviewed the transcript of the proceedings or articulated any findings of fact. The amended final judgment reduced the $6000 per month rehabilitative alimony award to a period of three years.
By adopting the proposed amended final judgment verbatim, the trial court delegated its decision-making authority to the Husband's counsel. Perlow v. Berg-Perlow, 875 So.2d 383, 2004 WL 583130 (Fla. Mar. 25, 2004), is directly on point. In Perlow, the trial court adopted verbatim the final judgment submitted by the wife's counsel without having indicated on the record any findings of fact or conclusions of law. The Florida Supreme Court noted that this procedure creates an appearance that the trial court did not independently make factual findings and legal conclusions. Id. at 389. The court held that "prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law." Id. at 384. We can conceive of no scenario when it would not be possible for the trial court to indicate its findings of fact and conclusions of law.
Further, the Perlow court held that submissions by parties "cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Id. at 390. In the present case, this court directed the trial court to make several findings of fact on remand, including findings supporting the amount of alimony, findings that demonstrated whether the trial court considered the Wife's ability to support herself during and after the rehabilitative period in a manner reasonably commensurate with the marital lifestyle, and findings relating to the economic factors listed in section 61.08(2), Florida Statutes (1997). 818 So.2d at 713-14. Because the record contains no such findings or conclusions by the trial court, meaningful appellate review of the alimony award is impossible. Id. at 713.
We are compelled to once again reverse and remand this matter to the trial court. The trial court must comply with the previous directives of this court as to the issue of alimony. The trial court shall reconsider the type and amount of alimony to which the Wife is entitled and shall make findings of fact and conclusions of law in support of such award. As indicated in Walker, 818 So.2d at 714, we do not suggest a particular type of award but rather that the decision be set forth with specific findings so that meaningful appellate review is possible.
This matter is reversed and remanded to the trial court for proceedings consistent with this opinion.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] The Husband's appellate counsel did not represent him in the trial court.
[2] The amended final judgment is ten pages in length and was signed on November 6, 2002.