PER CURIAM.
Vivian Torres appeals a final dissolution judgment. We affirm in part and reverse in part.
The husband and wife were married in 1996; their son suffers from severe hyperactivity and requires special schooling and treatments. The parties have no marital real property; there are various items of personal property that the parties acquired during the marriage.
The parties lived in the husband’s home, which he purchased prior to the marriage. The value of the husband’s house was hotly contested during the proceedings. The wife offered appraisals into evidence that valued the house at $238,000 at the time of the marriage and $340,000 at the time of the first trial setting. The husband valued the house at $200,000 on his financial affidavit. The final judgment does not value the marital home; the court merely concluded that it is a non-marital asset.
The husband also owns a warehouse that he uses for work. He deeded the warehouse to his first wife as security for his outstanding child support obligations to his children from his first marriage.
At the time of their separation, in 1999, the wife had substantially the same amount of credit card debt as when she entered the marriage. The husband had about $3,600 less debt at the time of the separation than at the time of the marriage. By the time of trial, however, both parties had doubled their credit card debt. The husband discharged his debts in bankruptcy prior to the entry of the final dissolution judgment. The judgment makes no reference to this fact, and the court’s awards do not reflect the discharge.
In the final judgment the court awarded the parties the property in their possession, awarded the former husband lump sum alimony, ordered the husband to pay child support, but denied the wife retroactive child support or an arrearage award and did not account for the child’s special needs in the award.[1]
As a threshold issue, we reverse the court’s equitable distribution scheme and remand to the court for the requisite statutory findings.[2] The court’s distribution *841 lacks the findings required under section 61.075(3), Florida Statutes, and does not reference the factors enumerated in 61.075(1), or set apart the non-marital assets and liabilities of each party. See Shoffner v. Shoffner, 744 So.2d 1157 (Fla. 1st DCA 1999). In reconsidering the equitable distribution, we direct the court to address the following shortcomings in the present judgment.
The trial court must determine the date for valuing the marital assets and liabilities. § 61.075(4), Fla. Stat. (2003). We note that the trial court did not assign a value to the marital home as a result of its finding that the wife had no interest, therein. On remand, however, the trial court must determine a valuation date and the home’s value. Section 61.075(4) gives the court discretion to assign a date that is just and equitable under the circumstances, including the date of the final hearing. Jahnke v. Jahnke, 804 So.2d 513 (Fla. 3d DCA 2001); White v. White, 717 So.2d 89 (Fla. 3d DCA 1998). The court must set forth the facts supporting its valuation date in the judgment.
We note that the husband’s valuation, in his financial affidavit, of the marital home at $200,000 appears incredible in light of the expert testimony submitted by the wife. The husband valued the house at $240,000 on his Amended Summary of Schedules in Bankruptcy Court, and the house was appraised at $238,000 in 1997, apparently in connection with the second mortgage. The parties must provide the court with substantial, competent evidence to support their valuation of assets that will withstand appellate review. Valdes v. Valdes, 29 Fla. L. Weekly D1375, 2004 WL 1252725, - So.2d - (Fla. 3d DCA June 9, 2004); Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992). However, we caution the court that a valuation based on the average of the difference in the parties’ valuation is not a valuation based on the evidence.
Contrary to the trial court’s finding, the record contains substantial competent evidence of the wife’s interest in the enhanced value of the marital home purchased by the husband before the marriage. See § 61.075(5)(a)2, Fla. Stat.; Williams v. Williams, 683 So.2d 1119 (Fla. 3d DCA 1996); see Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1994)(on rehearing). Moreover, the wife is entitled to compensation for her non-marital contributions to the property. Gaetani-Slade v. Slade, 852 So.2d 343 (Fla. 1st DCA 2003). The husband himself testified that she had contributed at least $1,200 in materials to his home.
The equitable distribution scheme is also deficient in that it fails to make a complete distribution of the parties’ property. On remand, the court must distribute to the wife her non-marital personal property that remains in the marital home. Additionally, the court shall equitably distribute the parties’ marital property that remained in the marital home after the parties separated. It is insufficient to conclude that the wife made her election of property when she moved out; the wife has pled for equitable distribution and division of the items remaining in the house.
Next, we address errors on the husband’s financial affidavit that the court must consider on remand. His affidavit includes credit card debt; however, that credit card debt was discharged in bankruptcy prior to entry of the final judgment. The final judgment is written as if these debts were still outstanding, and the court’s awards are based on this erroneous premise, as well. On remand, the court *842 shall account for the husband’s bankruptcy-discharge on his financial affidavit.
In addition, the husband’s financial affidavit includes a $1000 deduction for child support to the children from his first marriage; the record demonstrates this debt is not being paid, and therefore, is not a proper deduction. § 61.30(3)(f), Fla. Stat. Additionally, the affidavit allowances for federal wage and social security taxes that the husband does not pay are also improper deductions on the affidavit. See Penalver v. Columbo, 810 So.2d 563, 565 (Fla. 2d DCA2002).
We next address the court’s $10,000 lump sum alimony award to the husband. There is no record support for this award. Paragraph 8.b. of the final judgment contains several inconsistencies and appears to include, improperly, in various places the payoff of the wife’s credit card debt from the 1997 second mortgage proceeds. Alternatively, if this is a reference to the 1995 refinance proceeds, the parties were not yet married in 1995 and the testimony reflects that those premarital proceeds went to pay for the husband’s pre-marital debt or expenses.
Despite the judgment’s conclusion to the contrary, the record shows that the increased mortgage obligations on the husband’s non-marital property are not wholly attributable to the wife. Of the $172,000 mortgage outstanding at the time of trial, only $16,000 went to pay the wife’s credit card debt and $10,000 went for marital use. The first time the home was refinanced, in 1995, the parties were not yet married. Those proceeds went entirely to pay off the husband’s credit card debt. There is no support for the husband’s argument that he is entitled to credit for these sums spent prior to the marriage, even if he chose to spend them for the wife’s benefit. Hence, the lump sum alimony award to the husband is not supported by the record.
The court must also make findings of fact regarding the allegations that the former husband receives undisclosed cash income. There was testimony that husband paid his former wife child support payments in cash, and paid his attorney in cash. The source of these cash payments should be imputed to the husband as income.
We also reverse the child support award. There are numerous shortcomings with the child support order in this case. Of course, upon consideration of the husband financial affidavits, in light of the improper deductions considered above, the court will revisit the child support award. In so doing, we offer the following guidance: Any child support award must allow for the child’s special needs. § 61.30(ll)(a), Fla. Stat. (2004). The child’s special needs are undisputed, despite the parties’ different methods of addressing these needs. As to the wife’s request for retroactive child support and an arrearage award, there is no basis for relieving the husband of the obligation to provide for the child’s needs. On remand, the court shall make a retroactive child support award and order the husband to pay any child support ar-rearage, and his portion of the child’s outstanding medical expense arrearages that the wife incurred. § 61.30(17), Fla. Stat. (2004).
Lastly, we reverse the court’s award of fees to the husband. There is no record basis to justify this award. See § 61.16, Fla. Stat. (2004). The record fails to show that the wife has superior ability to pay. The court should also reconsider the denial of fees to the wife based on the new equitable distribution scheme and the husband’s corrected financial affidavit. See Bagley v. Bagley, 720 So.2d 582 (Fla. 4th DCA 1998).
*843 Therefore, we affirm the judgment to the extent that it dissolves the parties’ marriage and establishes custody and visitation rights. We reverse the portions of the judgment addressing equitable distribution, lump sum alimony, child support and attorney’s fees. Accordingly, we remand for further proceedings.

. Custody is not contested; the court awarded the wife custody of the son.

. The wife correctly argues that the final judgment improperly adopts the husband’s proposed final judgment. On remand the court *841 must comply with Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004).