WHATLEY, Judge.
The Mother, E.T., appeals the termination of her parental right to D.T. and B.T. We reverse.
*419 The problem in this case is that the trial court failed to make any findings of fact or conclusions of law. The twelve-page final judgment terminating the Mother’s parental rights was submitted by counsel for the Department of Children and Family Services (DCF). It was signed by the trial court on the day it was submitted. The only changes were nonsubstantive. Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), has cautioned against such conduct. See also Walker v. Walker, 873 So.2d 565 (Fla. 2d DCA2004).
DCF, in an attempt to distinguish Per-low, argues that Perlow only applies to family law matters and that the final judgment was only twelve pages in length.[1] These assertions are rejected.
We take no position on the merits of this appeal but are compelled to reverse the final judgment and remand for a new hearing.
Reversed and remanded.
FULMER and VILLANTI, JJ„ Concur.

. In Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), the final judgment was twenty-five pages.