892 So.2d 1125 (2004)
Robert PEDERSEN, Appellant,
v.
Jennifer PEDERSEN, Appellee.
No. 2D04-36.
District Court of Appeal of Florida, Second District.
December 3, 2004.
Catherine Hanford, Clearwater, for Appellant.
Scott E. Schiltz of Boyer and Schiltz, P.A., Clearwater, for Appellee.
SILBERMAN, Judge.
Robert Pedersen (the Former Husband) appeals the supplemental final judgment that denied his request for modification of alimony. We reverse because the record does not reflect that the trial court made its own findings of fact and conclusions of law and because the final judgment does not include the requisite findings and conclusions that would allow for meaningful appellate review.
The Former Husband and Jennifer Pedersen (the Former Wife) were divorced in 1999. The final judgment of dissolution required the Former Husband to pay $2000 per month as permanent, periodic alimony. After the Former Husband's employment was terminated, he filed a supplemental petition to modify his alimony obligation. In April 2002, based upon an agreement by the parties, the trial court entered an order reducing the Former Husband's alimony obligation to $1000 per month. In February 2003, the Former Husband was involuntarily discharged from his employment due to the company's reorganization. He filed a second supplemental petition for modification of alimony, requesting termination of or a substantial reduction or suspension in alimony.
*1126 At the conclusion of an evidentiary hearing on the Former Husband's second supplemental petition for modification, the trial court did not give any indication of its findings or conclusions of law. Instead, the trial court directed counsel for the parties to each prepare and submit to the court a proposed order and stated that the parties need not copy each other with their respective proposed orders. The trial court entered the proposed supplemental final judgment prepared by the Former Wife.
The Former Husband argues that reversal is required because the trial court entered the final judgment prepared by the Former Wife without making any changes and without making its own findings of fact and conclusions of law. He asserts that the judgment contains various errors, reflecting that the trial court did not independently make findings of fact and conclusions of law. Additionally, the Former Husband argues that the evidence does not support (1) the amount of income imputed to him; (2) the denial of his request for modification of alimony; (3) the finding that he failed to establish that he "suffered a reduction in income without deliberately seeking to avoid paying alimony and was acting in good faith to return his income to its previous level"; and (4) the finding that there had not been a permanent, substantial change in circumstances. The Former Wife acknowledges that her counsel prepared the supplemental final judgment, but she argues that the judgment should not be discounted merely because it uses one attorney's words rather than the words of the other attorney. Additionally, she contends that the ultimate conclusions contained in the judgment are consistent with the evidence.
The Florida Supreme court recently stated, "When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party's proposed final judgment." Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla.2004). Similarly, in Walker v. Walker, 873 So.2d 565, 566 (Fla. 2d DCA 2004), this court stated, "We can conceive of no scenario when it would not be possible for the trial court to indicate its findings of fact and conclusions of law."
After reviewing the record on appeal, we conclude that reversal is required. The procedure used by the trial court in entering the final judgment raises a substantial question as to whether the supplemental final judgment reflects the trial court's independent determination of the issues that were presented. This is of particular concern because of errors and omissions contained in the judgment. For example, in imputing income to the Former Husband the final judgment listed the amount of the Former Husband's prior income. However, the amount listed is not the amount that was established by the evidence. Further, the trial court imputed income to the Former Husband without making the required findings and without reference to the evidence that was, in fact, presented. See LaFlam v. LaFlam, 854 So.2d 809, 810 (Fla. 2d DCA 2003) ("A court may impute income to a spouse who is earning less than she could with the use of her best efforts. However, there must be competent, substantial evidence supporting the conclusion that the spouse could earn the imputed amount.") (citations omitted).
The supplemental final judgment also contains what appear to be inconsistent findings. At one point, the judgment indicates *1127 that the Former Husband did not prove a substantial change in circumstance, but the judgment later indicates that there had been a substantial change. Because of the procedure used by the trial court, the errors contained in the judgment, and the lack of findings or conclusions on the record that form the basis for the judgment, we are compelled to reverse and remand for further proceedings.
During oral argument, counsel for both parties requested that we remand this case for reconsideration by the trial court without requiring a new trial.[1] Accordingly, we reverse the supplemental final judgment with directions that the trial court review the record and enter a final judgment consistent with the evidence that was presented and the applicable law. Should the trial court determine that it is unable to resolve the issues based on the record and its recollection of the witnesses' credibility, then it may order a new trial. Any final judgment must include specific findings of fact and conclusions of law so that meaningful appellate review is possible. See Walker, 873 So.2d at 566.
Therefore, we reverse the supplemental final judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] Counsel for the parties indicated their belief that the record was adequate for the trial court to resolve the issues without a new trial, and they expressed concern regarding the significant cost that would be involved should a new trial be required.