892 So.2d 531 (2005)
Carol M. ROSENBLOOM, Appellant/cross-appellee,
v.
Michael ROSENBLOOM, Appellee/cross-appellant.
No. 4D02-5161.
District Court of Appeal of Florida, Fourth District.
January 5, 2005.
*532 James Fox Miller and Greg A. Lewen of Miller, Schwartz & Miller, P.A., Hollywood, for appellant.
Tracy B. Newmark and Terry Ellen Fixel of Fixel & LaRocco, Hollywood, for appellee.
BERGER, WILLIAM J., Associate Judge.
This is an appeal by the former wife and a cross-appeal by the former husband from a fee award in a dissolution of marriage case. After a twelve day trial, the court entered a final judgment of dissolution.[1] The court then conducted a four day evidentiary hearing on the parties' respective motions for fees and costs. Three months later, the court entered the subject fee award. We affirm.
The former wife sought a determination that all her attorneys' fees were reasonable. These totaled $672,257, including 1,002.2 hours for James Fox Miller at $500 an hour for $501,100; 751.4 hours for Greg A. Lewen at $175 an hour for $131,495; 154.6 hours for Robert M. Schwartz at $250 an hour for $38,650; and 4.5 hours for Charles Fox Miller at $225 an hour for $1,012. Since a significant portion had already been paid from the marital estate, she sought reimbursement of $245,755 plus an additional award of $200,595 incurred but not paid.
The former husband contended that her total reasonable fees should not have exceeded $227,500 based on 650 hours at a flat rate of $350 an hour and, taking into *533 account payment from marital funds, he claimed the former wife owed him $71,188.
After hearing closing arguments, the court instructed the parties to submit proposed orders. Three months later, the court entered the subject fee award. The court awarded the former wife $267,262.50 comprised of 1,029.5 hours, including 650 for James Fox Miller at $300 an hour for $195,000; 300 hours for Greg A. Lewen at $175 an hour for "$61,250";[2] 75 hours for Robert M. Schwartz at $250 an hour for $18,750; and 4.5 hours for Charles Fox Miller at $225 an hour for $1,012.50. The court denied the former husband's request for reimbursement.
On appeal, the former wife argues the trial court delegated its decision-making authority to the former husband's attorney by not making any oral pronouncements and that the bulk of the fee award came from his attorneys' proposed order.
During closing argument, the court engaged the attorneys with questions. At the conclusion, the following exchange occurred:
THE COURT: What I need you to do is I need you (indicating Mr. Sessums [the former wife's counsel]) to prepare me a judgment, based on what you've argued in terms of the final reductions.
And I need you (indicating Ms. Fixel [the former husband's counsel]) to prepare one that's consistent with the testimony of Gordon Brydger [the former husband's expert].
I need to take a look at those and make adjustments to one, both, either, and so on.

I don't see this case as having been as complex as it has been suggested from the wife's side. [emphasis added] Let's see where that goes.
MS. FIXEL: What do you want me to do on the costs; just put in our proposal, he puts I his proposal, and you'll look at it?
THE COURT: Yes.
MS. FIXEL: Okay.
THE COURT: That's why I asked you about those items. And his  his will have the accountants on a parity, based on what you said. Yours will do what he indicated he (indicating) said.
MS. FIXEL: Thank you, Judge.
MR. SESSUMS: Judge, do you want to give us a deadline?
THE COURT: Get them to each other in  well, actually, I don't need to, because I'm not even going to get near them until  at the earliest, the 19th  is that when I'm back  the 19th. So 
MR. SESSUMS: We'll have them here for you when you get back.
THE COURT: Take until August 19th.
MR. SESSUMS: That happens to be when I get back, too.
MS. FIXEL: Judge, I have one other question. You said about Gordon Brydger for the wife's fees and costs. With respect to the husband's reductions that he's seeking, am I permitted to put those in the proposals in the judgment as well?
THE COURT: Yes. I am looking  I have notes on these experts' testimony.
MR. SESSUMS: Another 
THE COURT: Pardon?
THE CLERK: I'm returning all the exhibits.
MR. SESSUMS: No.

*534 THE COURT: I don't want you to, yet. I want to be able to access them after I take a look.
MR. SESSUMS: Also, your Honor, you mentioned the court and Gordon Brydger. Does that relate to the number of hours, the hourly rate or both?
THE COURT: Yes. Yes. Yes, comma.
MS. FIXEL: Thank you.
Neither counsel objected at the time to the procedure set forth above. Two weeks later, just before the deadline, the former wife moved the court to make oral findings; that motion was denied. Both sides then submitted proposed orders.
In Perlow v. Berg-Perlow, 875 So.2d 383, 384 (Fla.2004), decided after the proceedings below, the Florida Supreme Court held
that in a marital dissolution proceeding: (1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law.
The former wife has not raised on appeal that she was not given an opportunity to review and object to the former husband's proposal. Both sides were given that opportunity  three months. Neither side filed any objections to the other's submission or moved for rehearing.
Contrary to her contention and unlike Perlow and decisions following it,[3] the trial judge made a key substantive oral pronouncement at the end of closing argument which became a central theme of the fee award. He stated the case was not as complex as the former wife suggested, a critical finding considering she asked to find as reasonable almost 2,000 hours of attorneys' time, including 1,000 hours by one attorney billed at $500 an hour.
Also unlike Perlow, the trial court did not adopt verbatim the former husband's proposal. The eleven page order represents an amalgamation of portions of both sides' proposals and separate significant findings by the court, appearing in neither proposal, as to reasonable number of hours and hourly rates. The fee award also omits the former husband's proposed rulings that the former wife's counsel had engaged in bad faith litigation, the former husband overpaid $71,000 in fees and costs and is entitled to reimbursement, and four paragraphs which would have entered judgment against the former wife and her attorneys for a total of $143,849.
Perlow admonishes, and we reiterate, that when a trial court asks for proposed final judgments, it should make oral pronouncements when possible "in order to give guidance for preparation of [them]." Id. at 390.[4] While the trial court here conceivably could have made more oral pronouncements and given more direction to the attorneys, it made a key *535 substantive ruling at the conclusion of oral argument and did not later err when it denied the former wife's motion for additional oral findings. Also, the court gave direction at closing as to what each side should include in their respective proposals. The judge said he would review his notes and the exhibits, which he directed the clerk to leave with him. Nothing suggests he did not do these things in reaching his conclusions. The procedure he utilized resulted in entry of an order, after an appropriate deliberative period had lapsed, with significant corrections, deletions and additions to those submitted by both sides and did not create the appearance that he had delegated to one side or the other his independent decision-making responsibility.
The former wife also complains the hourly rate for her lead attorney, James Fox Miller, should not have been reduced from $500 (the amount her expert, Burton Young, testified was reasonable) to $300, which was less than the rate, $350, the former husband's expert, Gordon Brydger, said was reasonable. She contends no evidence supports the lower number.
A trial court has broad discretion in awarding attorney's fees in a dissolution case. Peralta v. Peralta, 835 So.2d 1244 (Fla. 4th DCA 2003). Although an award of attorney's fees must be supported by competent substantial evidence, Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981), the court, as the trier of fact, is not bound by the testimony of expert witnesses, even where unrebutted. Behm v. Div. of Admin., State of Florida, 336 So.2d 579 (Fla.1976); Southpointe Homeowners Ass'n v. Segarra, 763 So.2d 1186, 1187 (Fla. 4th DCA 2000); Baldwin Piano and Organ Co. v. Dote, 740 So.2d 1230 (Fla. 4th DCA 1999); County of Sarasota v. Burdette, 479 So.2d 763 (Fla. 2d DCA 1985); E.D. Rivers v. Phillips, 367 So.2d 251 (Fla. 3d DCA 1979).
This court has stated,
A trial judge can conclude, based on his or her familiarity with dissolution cases, that a particular case does not need a $350 an hour lawyer or has been overlawyered.
Wiederhold v. Wiederhold, 696 So.2d 923, 925 (Fla. 4th DCA 1997)(followed in Southpointe).
The former wife overlooks that the court awarded her a total fee more than Mr. Brydger opined was reasonable. Mr. Brydger used a flat $350 rate based on 650 hours for a total of $227,500, despite the fact that besides Mr. Miller, the former wife had utilized three other attorneys. The trial judge concluded the total reasonable hours for all four timekeepers was 1,029.5 and awarded $267,262.50. He found Mr. Miller's reasonable hours were 650 and the reasonable hourly rate for his work in this particular case was $300, with varying lesser rates for the other three attorneys. Under the circumstances, the fee award was based on competent substantial evidence and the court did not abuse its discretion.
We find no merit in the other points raised by the appeal or cross-appeal.
AFFIRMED.
FARMER, C.J., and KLEIN, J., concur.
NOTES
[1] Affirmed in part and reversed in part, Rosenbloom v. Rosenbloom, 851 So.2d 190 (Fla. 4th DCA 2003).
[2] 300 times $175 equals $52,500, not $61,250. However, the total of $267,262.50 is correct using $52,500. Since the number of hours and hourly rate for Mr. Lewen are stated, this error is harmless.
[3] In re: B.T., 887 So.2d 418, 2004 WL 2387097 (Fla. 2d DCA Oct.27, 2004); Valdes v. Galco Constr., 883 So.2d 359 (Fla. 1st DCA 2004); Torres v. Torres, 883 So.2d 839 (Fla. 3d DCA 2004); Walker v. Walker, 873 So.2d 565 (Fla. 2d DCA 2004).
[4] We note one court has even stated, subsequent to Perlow, "We can conceive of no scenario when it would not be possible for the trial court to indicate its findings of fact and conclusions of law" before requesting proposed final judgments. Walker, supra at 566.