924 So.2d 827 (2005)
In the Interest of T.D., a child.
M.D. and F.M., Appellants,
v.
Department of Children and Family Services, Appellee.
Nos. 2D04-285, 2D04-295.
District Court of Appeal of Florida, Second District.
September 14, 2005.
Frank D.L. Winstead of Winstead Law Offices, New Port Richey, for Appellant M.D.
Melissa Gilkey Mince, Seminole, for Appellant F.M.
Bernie McCabe, State Attorney, and Robert Hauser III, Assistant State Attorney, Clearwater, for Appellee.
NORTHCUTT, Judge.
On petition by the Department of Children and Family Services, the circuit court terminated M.D.'s and F.M.'s parental rights to their daughter, T.D. In this appeal, the parents complain only of the manner in which the circuit court entered the judgment.[1] The parents argue, in essence, *828 that this court's opinion in In re B.T., 887 So.2d 418 (Fla. 2d DCA 2004), established a bright-line rule requiring reversal when a court adopts one party's proposed judgment verbatim. But B.T. did not, and could not, hold as they contend. To be sure, in some circumstances a court's adoption of an order prepared by one of the parties can be reversible error. But, as we will explain, that is not the case here. Accordingly, we affirm.
This termination proceeding was tried to the court on December 6, 2003. At the conclusion of the trial, all parties agreed that they would waive oral closing arguments and instead would present their positions in the form of proposed judgments, to be submitted within ten days. The judge advised that he would announce his decision at a hearing on December 23. The record shows that all parties' proposed judgments were received in the judge's chambers on December 16. As promised, at a hearing on December 23 the judge read his findings into the record and signed the final judgment of termination. The orally announced findings and the written judgment were basically taken word-for-word from the Department's proposed judgment, with some minor grammatical alterations but no substantive changes.
The parents' argument that it was improper to adopt the Department's proposed judgment has its genesis in Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004). In that case, the Florida Supreme Court held that the trial judge committed reversible error by entering the wife's proposed final judgment of dissolution of marriage, verbatim, without giving the husband an opportunity to comment or object. The Berg-Perlow decision did not turn solely on the fact that the trial judge had adopted one party's judgment. Rather, the court expressed its concern that a number of circumstances in that case gave "an appearance that the trial judge did not independently make factual findings and legal conclusions, i.e., an appearance of impropriety." Id. at 389.
In that case the husband had represented himself during the fifteen-day trial. Before closing argument, he asked the judge whether he should submit a proposed judgment. The judge said he did not expect the husband to do so. Id. at 385. But before closing arguments, the wife's lawyer presented the judge with a suggested final judgment. He did not give the husband a copy. Id. at 391 (Pariente, J., concurring). The husband again asked if he could submit a proposal, and again the judge told him it was unnecessary. Id. at 385. Then, a mere two hours after the closing arguments in the complex, fifteen-day trial, the judge signed the wife's twenty-five-page proposed judgment without making any changes or additions. Id. at 386. The Berg-Perlow court stated that "[w]hen the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party there is an appearance that the trial judge did not exercise his or her independent judgment in the case." Id. at 390.
Moreover, the terms of the judgment at issue in Berg-Perlow cast further doubt on the independence of the trial judge's rulings. As the majority noted, the judgment was "so one-sided in its findings and conclusions that it could only reflect the views of the party that drafted and proposed it." Id. at 390 n. 5. Justice Pariente pointed *829 out in her concurrence that "the entire twenty-five-page final judgment is replete with inflammatory and one-sided findings and conclusions." Id. at 391 (providing examples, including the judgment's instruction that the wife tell the parties' child about the father's "extensive background involving his deceitfulness, his lack of remorse, his arrests, his poor behavior control and impulsivity, his lack of empathy, and his total anti-social personality disorder." (emphasis omitted)). It was "a diatribe filled with exaggeration and venom." Id. at 392.
Thus, the judgment in Berg-Perlow was suspect for several reasons in addition to its authorship. And, although the court might easily have established a bright-line rule against the adoption of a party's proposed judgment, it did not. In fact, the case on which the Berg-Perlow court relied to establish its conflict jurisdiction, Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2001), did state such a proposition: "Although a trial court may request, as it did in this case, that counsel for both parties submit a proposed final judgment, the court may not adopt the judgment verbatim, blindly, or without making in-court findings." Id. at 92. Notably, the Berg-Perlow court did not expressly approve Rykiel.
On the other hand, the court did expressly declare its agreement with Cole Taylor Bank v. Shannon, 772 So.2d 546 (Fla. 1st DCA 2000); Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996); and Ross v. Botha, 867 So.2d 567 (Fla. 4th DCA 2004). Berg-Perlow, 875 So.2d at 390. In none of those decisions was a judgment reversed solely because it had been prepared by one of the parties.
In Ross the Fourth District set forth several factors to consider when reviewing an "adopted" order:
1. Is the signed order consistent with or divergent from the verbal rulings of the court?
2. How much time has passed since the hearing, and does the judge remember the case?
3. Are there irregularities or conflicts in the terms of the order?
4. Did the judge participate in the trial?
5. Did the judge edit or alter the proposed judgment to conform it to his or her conclusions about the case, or did he or she sign it verbatim?
Ross, 867 So.2d at 572.
The trial judge in Hanson reserved ruling and made no findings of fact at the conclusion of the trial. Several days later, the judge called one party's attorney to his office and met with her for an hour, discussing the final judgment the attorney was to prepare. The attorney returned to her office and prepared a judgment, which the judge signed. The Fifth District pointed out that the Code of Judicial Conduct prohibited such ex parte communications. The court concluded that "the appearance of impropriety so permeated the proceeding below as to justify a suspicion of unfairness, mandating reversal." Hanson, 678 So.2d at 525.
In Shannon, the other decision expressly approved by the supreme court in Berg-Perlow, the First District affirmed a judgment that had been adopted verbatim from a proposed judgment submitted by one of the parties. In so doing, the court rejected the proposition that it was improper to adopt a party's proposed judgment.
Florida appellate courts have criticized the practice of a trial court adopting verbatim proposed findings or a final judgment[.] Reversal is required, however, only when the signed judgment or *830 a finding is inconsistent with an earlier pronouncement of the trial judge, where the "appearance of impropriety so permeated the proceeding below as to justify a suspicion of unfairness," or where the record establishes that the final judgment does not "reflect the trial judge's independent decision on the issues of a case[.]"
Shannon, 772 So.2d at 551 (internal citations omitted). The court concluded that the appellant in that case had had ample opportunity to make objections to the proposed final judgment or to submit its own proposal, that there was no basis for finding an appearance of impropriety in the proceedings, and that there was no evidence that the trial court had failed to exercise its independent judgment.
The Berg-Perlow court having expressly approved Shannon, Hanson, and Ross, it is clear that the court did not prohibit the verbatim adoption of a judgment that has been proposed by a party. The court did prescribe some rules governing the solicitation of such proposals:
(1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law.
Berg-Perlow, 875 So.2d at 384.[2]
Since Berg-Perlow, this court has issued four decisions reversing judgments that tracked verbatim one of the parties' proposals: Plichta v. Plichta, 899 So.2d 1283 (Fla. 2d DCA 2005); Pedersen v. Pedersen, 892 So.2d 1125 (Fla. 2d DCA 2004); B.T.; and Walker v. Walker, 873 So.2d 565 (Fla. 2d DCA 2004). Like the trial judge in Berg-Perlow, the judges in two of these cases entered judgments without giving the opposing parties time to object. See Plichta, 899 So.2d at 1285 (noting the trial court signed the wife's proposed judgment the day after it was received); B.T., 887 So.2d at 419 (stating the trial court signed the Department's proposal the day it was submitted). And, as in Berg-Perlow, circumstances in addition to the verbatim adoption of the proposed judgments cast doubts on whether the judges in these cases had thoughtfully considered the facts and law. See Plichta, 899 So.2d at 1285 (stating that the judgment contained several rulings not announced on the record); Pedersen, 892 So.2d at 1126 (noting that there were errors, omissions, and inconsistent rulings in the final judgment, and that the husband argued the evidence did not support the judgment); Walker, 873 So.2d at 566 (explaining that this court had remanded the judgment after the first appeal for the trial court to make additional findings of fact; approximately three years after trial the trial court entered a new judgment without conducting an evidentiary *831 hearing or reviewing the trial transcript).
Neither B.T., nor any of the other post-Berg-Perlow decisions of this court, requires reversal solely on the ground that a trial court has adopted a judgment prepared by one of the parties. Indeed, to do so would require us to depart from the supreme court's decision in Berg-Perlow, which we are not empowered to do. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The rule in this district, as elsewhere in Florida, is that we will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge's independent decision-making. However, the fact that the judgment was adopted from a proposal submitted by a party does not, standing alone, raise that possibility.
In this case, the judge did not state his findings of fact and conclusions of law on the record before he agreed to the parties' request to submit proposed orders. Certainly, it would have been the better practice to do so, and we encourage circuit judges to adopt that course of action. But Berg-Perlow held only that a judge should announce findings when possible; it did not mandate that he or she do so, and the judge's omission in this regard does not warrant reversal. Otherwise, the judge followed the dictates of Berg-Perlow. He gave all parties sufficient time after the trial to prepare and submit judgments. He also waited seven days after receiving their proposals to announce his ruling, thereby giving the parents ample time to object to the Department's submission. No objections were forthcoming. Moreover, the judge had seven days to study the orders and determine whether one or more of them accurately set out his own view of the evidence and the legal conclusions to be drawn from the evidence. Although the judgment he entered was unfavorable to the parents, its recitations were straightforward, not inflammatory or one-sided. The parents have not challenged the accuracy of any of the judgment's findings.
The parents have failed to demonstrate that circumstances surrounding the entry of the judgment create an appearance that the judge did not exercise his independent judgment. Therefore we affirm the judgment.
Affirmed.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] After oral argument in this case, we issued an order permitting the parties to file supplemental briefs to assert any other error that might warrant reversal of the judgment. Counsel for the parents declined to do so. Accordingly, we presume that no other error exists.
[2] We note that the court employed permissive language concerning objections when all parties file proposals, i.e., "the opposing parties should be given a chance to make objections"; but used mandatory language when only one party submits a proposal, i.e., "the opposing party must be given the opportunity to object." Berg-Perlow, 875 So.2d at 384. Presumably this difference is based on practicality-if all parties have prepared proposed judgments, their own submissions would likely apprise the judge of their positions and their disagreements with the opposing party's. Thus, for example, in the case before us the parties elected to submit proposed judgments in lieu of closing arguments.