DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW JAY OUSLANDER,**
Appellant,

v.

**OLENA OUSLANDER,**
Appellee.

No. 4D2023-2479

[November 20, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Anastasia M. Norman, Judge; L.T. Case No. 56-2022-DR-001230.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

James P. Ferraro and Russell J. Ferraro, III of Ferraro Law Group, PL, Stuart, for appellee.

PER CURIAM.

We affirm the final judgment of dissolution of marriage. As to the court's award of shared parental responsibility and equal, unsupervised timesharing, we conclude that the trial court did not abuse its discretion. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980). The issue with respect to time-sharing came down to a credibility determination between the former husband and former wife, which was within the trial court's province. *See V.S. v. Dep't of Child. & Fams.*, 322 So. 3d 1153, 1159 (Fla. 4th DCA 2021) ("The appellate court has no authority to reweigh testimony and find it credible."). As to the claim that the court erred by failing to assign marital debt to the former wife for her investment activity losses, we also conclude that the former husband has shown no abuse of discretion. *See Rosenbloom v. Rosenbloom*, 851 So. 2d 190, 191 (Fla. 4th DCA 2003) ("The former husband, who would have shared in any profits, must share equally in the losses, notwithstanding that the former wife's investment conduct may well have been imprudent."). Finally, the court did not abuse its discretion by requiring the former husband to make an equalizing payment for equitable distribution, instead of ordering the

former wife's credit card debt to be paid from the proceeds of the sale of the marital home. *See Hua v. Tsung*, 222 So. 3d 584, 591 (Fla. 4th DCA 2017) ("Although a trial court in a dissolution judgment certainly can identify marital assets and liabilities, and allocate them to the parties pursuant to section 61.075(3), Florida Statutes (2014), it cannot adjudicate a debt.").

*Affirmed.*

WARNER, GROSS and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***