FRANK D. UPCHURCH, Jr., Judge.
Appellant Doris A. Bean, appeals from an order denying her motion for judicial determination under shared parental responsibility. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3) (C)(iii).
The parties were divorced on. August 17, 1979. Appellee filed a petition for modification of the final judgment seeking custody of their minor child, Debra Anne. A hearing was apparently held and the court filed an order on July 29, 1982, instructing each party to prepare and file their respective preliminary plan for initiating shared parental responsibility. Subsequently, by letter dated August 27, 1982, the court requested appellant’s counsel to draft a modified final judgment:
“[Wjhich takes into consideration all or most of the areas of responsibility. When that has been done, you may call up for a hearing for the Court’s consideration and entry of judgment, based on the plans.”
On September 14, 1982, appellant filed a motion for judicial determination under shared parental responsibility. The motion requested the court to “judicially determine the rights, duties and obligations of the parties to this cause in light of the provisions of Chapter 61, Florida Statutes, relating [to] shared parental responsibility.” The court denied this motion and on October 6, 1982 ordered that counsel for appellant “shall prepare and submit a proposed modified final judgment which takes into consideration each parent’s plan and which is in accordance with the court’s ruling that the parents shall share in their parenting responsibilities.” The court stated in its order that “this court has an inherent right to require counsel for either side to prepare a proposed order for the court to consider.” From that order, appellant appeals.
The record does not reflect what caused this impasse. We find it incredible that it occurred. It is shocking and disappointing that able counsel and an experienced trial judge, noted for his concern and compassion for the welfare of children, could not resolve this matter without visiting upon the parties and the minor child the trauma of unnecessarily prolonged litigation.
Ordinarily, counsel, upon request of the court to draft a proposed order, is only too pleased to comply because it is an indication of a favorable ruling and an opportunity to assure that the judgment incorporates all matters relevant to his cause. On the other hand, most trial judges are willing to furnish some guidelines to counsel upon request or go ahead and rule.[1] In this instance, preparation of the order being appealed probably required an expenditure of judicial labor and effort equal to that which would have been necessary to promulgate an order on the merits of the cause.
Whether an inherent right exists on the part of trial judges to order the preparation of proposed orders has no relevance here. Whether there is or is not, we are confident, will have little effect on the compliance of counsel. There is, however, a vastly superi- or right which was blatantly ignored here. That is, the right of litigants to have their disputes expeditiously resolved free of petty pique between those pledged to serve them.[2]
*620 We quash the order appealed and refer this cause to the Chief Judge of the Eighteenth Judicial Circuit for reassignment and priority determination.
DAUKSCH and COBB, JJ., concur.

. Appellee appeared pro se and therefore other counsel was not available to assist.

. The anguish of the litigants here is amply revealed in a recent letter to this court from *620 appellee. He states, “I, John Bean, after discussion with my daughter have decided that she is old enough now to make up her mind who she wants to live with.... As far as I am concerned, I have no wish to pursue this case and cause any more mental or financial hardships on all concerned.”