883 So.2d 359 (2004)
Jose VALDES, Petitioner,
v.
GALCO CONSTRUCTION and GAB-Robbins, Respondents.
No. 1D04-1884.
District Court of Appeal of Florida, First District.
September 29, 2004.
*360 Mark L. Zientz and Andrea Cox of Law Offices of Mark L. Zeintz, P.A., Miami, for petitioner.
Kimberly A. Hill of Conroy, Simberg, Ganon, Krevans & Abel, Hollywood, for respondents Galco Construction and GAB-Robbins; Walter J. Havers, Staff Counsel, Office of the Judge of Compensation Claims, Division of Administrative Hearings, Tallahassee, for JCC Gerardo Castiello.

ON MOTION FOR REHEARING
PER CURIAM.
Having considered respondents' motion for rehearing or clarification and petitioner's motion for clarification, we withdraw the opinion of July 26, 2004, and issue the amended opinion set forth below. Except as reflected in this opinion, the parties' motions are denied.
Workers' compensation claimant Jose Valdes petitions for a writ of mandamus, seeking an order of this court which would compel the Judge of Compensation Claims (JCC) to issue an order on a claim for fees for his attorney, Mark L. Zientz. The employer/carrier agreed that a fee was due and a hearing on the question of the amount of the fee was conducted on December 2, 2003. The JCC directed attorneys for both parties to submit proposed orders, but Mr. Zientz and the JCC became embroiled in a controversy over whether Mr. Zientz would submit a proposed order and, if so, its content. The appendix to the petition for writ of mandamus adequately documents the contentious nature of this dispute, which we find unnecessary to otherwise describe in this opinion.
Although parties do not possess a right to file a proposed order, see Florida Administrative Code Rule 60Q6-6.103(3), a JCC may request that each party submit a proposed order. We recognize that many JCCs, as a method of administering a heavy caseload, have adopted the practice of requesting counsel to prepare a proposed order. The opportunity to submit a proposed order to the JCC is one which a party, including Mr. Valdes as represented by his counsel, may elect to forgo, although he does so at his own peril. For example, some delay in the issuance of the final order might reasonably be expected, because the JCC must prepare a lengthy final order without the benefit of having that party's position on the relevant facts and law reduced to writing. Further, the resulting order may contain deficiencies which are prejudicial to that party in the event of appellate review. See United States v. Horsfall, 270 F.2d 107 (10th Cir. 1959).[1] The JCC, of course, is responsible *361 to ensure that the order reflects his or her findings of fact and conclusions of law, regardless of the proposed orders submitted by the parties. See Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004); Cole Taylor Bank v. Shannon, 772 So.2d 546 (Fla. 1st DCA 2000); Jellison v. Dixie Southern Industrial, Inc., 857 So.2d 365, 367 n. 2 (Fla. 1st DCA 2003). The order must also be rendered in a timely manner. § 440.25(4)(d), Fla. Stat. (2003); Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150 (Fla.1976).
We find that this is an appropriate circumstance for issuance of a writ of mandamus. Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990); Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla. 1982). Accordingly, the petition for writ of mandamus is granted and the JCC is directed to issue an order on claimant's motion for attorney's fees within a reasonable time, not to exceed 30 days, from issuance of mandate in this cause.
PETITION GRANTED.
WEBSTER, VAN NORTWICK, and POLSTON, JJ., concur.
NOTES
[1] We do not address the questions of whether the JCC has authority to impose sanctions for failure or refusal to submit a proposed order and, if so, what sanctions might be appropriate, because those issues are not before us. We do hold, however, that the JCC may not withhold or unreasonably delay issuance of the order because a party has not submitted a proposed order. See Bean v. Bean, 430 So.2d 619 (Fla. 5th DCA 1983).