999 So.2d 1079 (2009)
Minnie GANT, Petitioner,
v.
NATIONAL LINEN and Gab Business Services, Inc., Respondents.
No. 1D08-6022.
District Court of Appeal of Florida, First District.
January 8, 2009.
*1080 L. Gray Sanders and Katherine Stone Agliano of Barbas, Nunez, Sanders, Butler & Hosepian, P.A., Tampa, for Petitioner.
No Appearance for Respondents.
PER CURIAM.
Petitioner challenges the Judge of Compensation Claims' (JCC) dismissal of her petition for benefits (PFB), which was based on the JCC's conclusion that she lacked jurisdiction to award the benefits requested. The JCC reached this conclusion by taking judicial notice of two prior orders entered by previous JCCs, and determining the case settled in its entirety approximately nine years before Petitioner filed her PFB.
Essentially, Petitioner takes issue with the fact that, although the E/C failed to appear, and the JCC had previously struck the E/C's defenses, the JCC sua sponte raised the issue of settlement and whether she had jurisdiction to adjudicate entitlement to the benefits sought in the PFB. Petitioner requests this court issue a writ of mandamus compelling the JCC to reopen the case and resolve the claim on its merits. We deny the petition.
The record contains two orders issued by previous JCCs, which together reveal Petitioner's claim was settled in its entirety approximately nine years before Petitioner filed her PFB. Specifically, an order entered in 1993 shows the indemnity portion of Petitioner's claim was settled, and an order entered in 1998 shows the medical portion of Petitioner's claim was settled.
At a status hearing, Petitioner's counsel asserted he had been unaware of the 1998 order. However, he did not challenge its validity. The JCC offered Petitioner a continuance to investigate the order's validity and to present any evidence obtained showing it was inapplicable. Petitioner declined the opportunity, and requested the JCC adjudicate the claim on its merits. Ultimately, the JCC took judicial notice of the two orders and dismissed the PFB, concluding she lacked jurisdiction.
To show entitlement to a writ of mandamus, a petitioner must demonstrate a clear legal right on her part, an indisputable legal duty on the part of the respondent, and that no other adequate remedy exists. Dep't of Health & Rehab. Servs. v. Am. Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (Fla. 1st DCA 1985). Mandamus is properly used to test the correctness of a lower court's determination that it lacks jurisdiction. State ex rel. Gaines Constr. Co. v. Pearson, 154 So.2d 833 (Fla. 1963); Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002) (noting mandamus is the proper vehicle to compel a district court to reinstate an appeal dismissed for lack of jurisdiction). A court's lack of jurisdiction is an issue it may notice sua sponte. See generally Envtl. Confederation of SW Fla., Inc. v. IMC Phosphates, Inc., 857 So.2d 207, 216 (Fla. 1st DCA 2003).
Where previous orders reveal a case has fully settled, and the time for challenging those orders has passed, there is no viable claim over which the JCC can exercise jurisdiction to award additional benefits sought under the settled claim. Consequently, here, when the JCC discerned the case may have settled, divesting her of jurisdiction, she acted within her authority to investigate that matter sua sponte. The two orders indicate Petitioner settled her case in its entirety. Petitioner did not challenge the validity of those orders. Accordingly, there was no viable claim through which the JCC could *1081 exercise jurisdiction and award the requested benefits.
Petitioner cannot show she has a clear legal right to a hearing on a PFB seeking benefits based on a settled claim. Nor can Petitioner show that the JCC has a legal duty to adjudicate entitlement to benefits sought in a PFB premised on a settled claim. Because Petitioner cannot show entitlement to a writ of mandamus, the Petition is DENIED on its merits.
HAWKES, C.J., BROWNING and THOMAS, JJ., concur.