IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EMERITA O. FLORES-
ORELLANA,

     Petitioner,

v.                                                      CASE NO. 1D14-2055

CIRCLE-K AND
CONSTITUTION STATE
SERVICES,

     Respondents.

_____/

Opinion filed September 16, 2014.

Petition for Writ of Mandamus.

Mark L. Zientz of the Law Offices of Mark L. Zientz, P.A., Miami, for Petitioner.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach,
for Respondents Circle K and Constitution State Services; and Stephanie R. Hayes,
Staff Counsel, Office of the Judges of Compensation Claims, Division of
Administrative Hearings, Tallahassee, for JCC E. Douglas Spangler.

**<u>ON MOTIONS FOR REHEARING</u>**

PER CURIAM.

     Respondents' motion for rehearing as well as the lower tribunal's motion for

rehearing are denied. The court's opinion filed August 5, 2014, is withdrawn sua

sponte, and the following opinion is substituted for clarification.

In this workers' compensation matter, Petitioner/Claimant seeks a writ of mandamus, requesting this Court order the Judge of Compensation Claims (JCC) to schedule a hearing on an action pending under section 440.28, Florida Statutes (2009). "To show entitlement to a writ of mandamus, a petitioner must demonstrate a clear legal right on her part, an indisputable legal duty on the part of the respondent, and that no other adequate remedy exists." Gant v. Nat'l Linen, 999 So. 2d 1079, 1080 (Fla. 1st DCA 2009). Because Claimant met each of these requirements, we grant the petition for writ of mandamus.

After being adjudicated permanently and totally disabled under the Florida Workers' Compensation Law in January 2011, Claimant reached an agreement with her Employer to settle a separate wage claim under the federal Fair Labor Standards Act. Following dismissal of that federal claim based on the settlement, the Employer/Carrier (E/C) discontinued payment of Claimant's permanent total disability (PTD) benefits.

Claimant filed a petition for benefits (PFB) seeking reinstatement of her PTD benefits. The E/C filed a motion for summary final order on grounds that Claimant, by signing a release in the wage case, had settled both her federal claim and her workers' compensation claim against the Employer. The JCC denied the motion, and the matter proceeded forward on the PFB.

On the date of the scheduled final hearing, August 29, 2013, the JCC entered an order cancelling the hearing, dismissing Claimant's PFB, declaring the

2

proceeding before him to be a modification proceeding under section 440.28, and instructing the parties to coordinate a hearing to address modification of the order awarding Claimant PTD benefits.

On September 3, 2013, the presiding federal court judge granted Claimant's motion to set aside the settlement previously approved and reinstated Claimant's Fair Labor Standards Act claim. One month later, the E/C reinstated Claimant's PTD benefits.

In April 2014, Claimant filed a motion in her workers' compensation claim asking the JCC, in relevant part, to reset the hearing on the modification matter as referenced in the August 29, 2013, order. The JCC denied the motion on grounds the August 2013 order was final and the time to modify it or amend it had passed.

In Valdes v. Galco Construction, 883 So. 2d 359, 361 (Fla. 1st DCA 2004), this Court issued a writ of mandamus and directed the JCC "to issue an order on claimant's motion for attorney's fees within a reasonable time." This Court having determined that the issuance of an order can be mandated, it follows that the scheduling of the event that results in that order can likewise be mandated. Both Claimant and the E/C have the right to have claims and pending legal rights adjudicated. Thus, Claimant has shown she has a clear legal right.

Section 440.25(4), Florida Statutes (2009), sets out the procedure for hearings. The final hearing is to be concluded within 90 days of the mediation conference (see § 440.25(4)(b), Fla. Stat.) or 210 days after the PFB is filed (see § 440.25(4)(d), Fla.

3

Stat.). Section 440.25(4)(c) requires the JCC to give the parties at least 14 days' notice of the final hearing. Here, the JCC, in the August 2013 order, declared the proceedings were "a proceeding to modify the final compensation Order rendered January 26, 2012." Section 440.28, Florida Statutes (2009), provides that proceedings to modify orders are to be conducted "in accordance with the procedure prescribed in respect to claims in s. 440.25." Thus, the JCC had an indisputable legal duty to schedule a hearing.

JCCs have exclusive jurisdiction over workers' compensation matters. See Sanders v. City of Orlando, 997 So. 2d 1089, 1094 (Fla. 2008) (reiterating that "well-established precedent [establishes] that JCCs have exclusive jurisdiction over workers' compensation matters"). Thus, Claimant had no alternative forum in which she could secure a remedy.

Accordingly, the petition for writ of mandamus is GRANTED, and the JCC is directed to provide the parties notice of a final hearing to address the modification of the January 2011 order within a reasonable time, not to exceed 30 days, from issuance of mandate in this cause.*

WOLF, ROBERTS, and ROWE, JJ., CONCUR.

---

* Because the JCC initiated the modification review, there appears to be no reason why he could not also be the one to terminate the review so long as it is done by order.

4